UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KEVIN WILSON,

                Plaintiff,

    - against -

P.O. D. EGAN, Shield No. 188,

                Defendant.
-------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, KEVIN WILSON, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendant herein, respectfully alleges as follows:

### JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

### VENUE

4. Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

### JURY TRIAL DEMAND

5. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

### PARTIES

6. At all times relevant hereto, plaintiff, KEVIN WILSON, was and is a natural person, resident in the City of Yonkers, County of Westchester, State of New York.

7.     At all times relevant hereto, defendant, P.O. D. EGAN, Shield No. 188, (hereinafter "EGAN") was and is a natural person, employed as a police officer by the Police Department of the City of Yonkers.

## AS AND FOR A CAUSE OF ACTION
### (42 U.S.C. §1983)

8.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "7" hereinabove as if more fully set forth at length herein.

9.     On or about May 10, 2013, at approximately 5:30 P.M, plaintiff was lawfully present in the bleachers at the Glen Park Running Track, which is located at 164 Ashburton Avenue in the City of Yonkers, County of Westchester, State of New York.

10.    At the aforementioned time and place, plaintiff was seated in the aforementioned bleachers with a female friend.

11.    At the aforementioned time and place, an unmarked van being operated by a member of the Yonkers Police Department pulled up and three plainclothes Yonkers police officers exited the vehicle.

12.    The aforementioned officers, one of whom, upon information and belief, was defendant EGAN, proceeded to handcuff plaintiff and to search him and the female he was with.

13.    Upon information and belief, the aforementioned police officers found several bags of controlled substances in the female's pocketbook.

14.    The aforementioned officers found no controlled substances on plaintiff as he was not in possession of any.

15. Nevertheless, plaintiff was falsely and maliciously placed under arrest by defendant EGAN, despite defendant EGAN's having no probable cause whatsoever to do so.

16. Plaintiff was taken to Central Booking, at 26 Alexander Street, in Yonkers, where he was held until he was brought to court the following morning.

17. On May 11, 2013, plaintiff appeared before a judge of the City Court of the City of Yonkers.

18. At the aforementioned appearance, plaintiff was falsely and maliciously charged, in a misdemeanor information signed by defendant EGAN, with criminal possession of a controlled substance in the seventh degree, specifically phencyclidine.

19. In the aforementioned misdemeanor information, defendant EGAN falsely and maliciously alleged that, at the time of his arrest, plaintiff had possessed a hand-rolled cigarette containing phencyclidine in one of his hands.

20. Plaintiff did not enter a plea to the charge contained in the misdemeanor information and was released in his own recognizance.

21. In the aforementioned misdemeanor information, defendant EGAN stated that he had concluded that the substance that he was accusing plaintiff of possessing was phencyclidine "based on my experience as a police officer making prior arrests for possession of phencyclidine as well as my training in detecting cocaine by its appearance, odor and how it is ingested."

22. Plaintiff's attorney demanded a copy of a police laboratory report establishing the identity of the alleged controlled substance that was allegedly found in one of plaintiff's hands at the time he was arrested by defendant EGAN.

23.  On May 13 and July 25, 2013, the Westchester County District Attorney requested and was granted adjournments in order to obtain a laboratory report.

24.  A laboratory report was never provided by the District Attorney's Office to the court or to plaintiff's attorney.

25.  Plaintiff moved to have the prosecution against him dismissed because of defendant EGAN's failure to identify the illegal substance that he had accused plaintiff of being in possession of, which cast doubt on his statement in the misdemeanor information that he was able to identify which controlled substance plaintiff had allegedly been in possession of at the time he was arrested, and because the failure to provide the requested laboratory report had caused the prosecutor's time limit in which to commence trial against plaintiff pursuant to New York Criminal Procedure Law §30.30(1)(c) to be exceeded by forty-five days.

26.  Thus, on or about September 18, 2014, the charge against plaintiff was dismissed pursuant to New York Criminal Procedure Law §§170.30(1) and 30.30(1)(b).

27.  Defendant EGAN violated plaintiff's right to be arrested and prosecuted only with probable cause, guaranteed to him by the fourth amendment to the Constitution of the United States, in that, acting under color of state law, he, without any cause or provocation whatsoever, falsely arrested plaintiff when he had committed no illegal act and maliciously prosecuted plaintiff by filing a misdemeanor information falsely and maliciously accusing him of possessing a controlled substance that defendant EGAN could not show even existed.

28.  Because of the aforementioned acts committed by defendant EGAN, plaintiff suffered a deprivation of his liberty; and a deprivation of his rights to be arrested, imprisoned, and prosecuted only with probable cause and, as a result, lost

time and income from his employment; incurred expenses for legal representation; and suffered, and continues to suffer, serious emotional anguish.

29. By reason of the unconstitutional and illegal actions taken against him by defendant EGAN, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant EGAN.

WHEREFORE, plaintiff, KEVIN WILSON, demands judgment against defendant, P.O. D. EGAN, Shield No. 188, in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant EGAN.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
May 6, 2016

*Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2339